## W. M. SLOAN AND ANOTHER v. F. F. MARTIN AND OTHERS.

1. The possession which, under our statutes of limitation (Paschal's Digest, Article 4624), gives to a naked possessor full property in six hundred and forty acres of land must be continuous for the full period of ten years; and it seems that the naked possessor must actually reside upon the land, and not merely cultivate it for ten consecutive years.

APPEAL from Henderson. Tried below before the Hon. Samuel L. Earle.

The few facts of any significance are stated in the opinion of the court.

XXXIII—27

*Thomas B. Greenwood,* for the appellants.

No brief for the appellees has reached the Reporter.

MORRILL, C. J.—This suit to try title, based on the limitation act of ten years, was instituted on the eighth of April, 1861, by the administrator of Martin, who died in 1860.

The act provides that " ten years of such peaceable possession and cultivation, use or enjoyment thereof, without any evidence of title, shall give to such naked possessor full property, precursive of all other claims in and to six hundred and forty acres of land, including his, her or their improvement." (Art. 2393, Hartley.)

There were three witnesses who gave testimony in the district court, and only three. All concur in the statement that the intestate arrived in the county in 1850, and died in 1860. They all concur in the fact that the intestate never resided on the land in controversy, and that for the two years previous to his death his residence was two and a half miles from the land in dispute. There was a field cultivated by the intestate for eight years, and by his son for two years, and there was a want of unanimity of the witnesses touching the location of the field being within the boundaries of the land in controversy. One of the witnesses testifies that the survey was made in the summer of 1861.

The judge's charge to the jury seems to be based upon the fact, that when the intestate came to the country he took possession of the identical land here in suit, which was well defined by metes and bounds, and that he resided upon the same till his death, and that his family have occupied it ever since; and that this occupation was continuous, constant and adverse.

The charge was calculated to mislead the jury, and undoubtedly had its effect.

Owners of land are not required to be constantly on the watch to see if intruders enter thereon, and we cannot suppose that the

statutes were intended to deprive people of their property un-justly on the one hand, or that the owners of property should by their acquiescence deceive and defraud a settler or occupant of a tract of land, on the other.

It is therefore provided that "whoever has peaceable possession and cultivation, use or enjoyment of a tract of six hundred and forty acres of land for ten years," shall be deemed the owner of the land.

This possession must be continuous for ten years. A residence on another and different tract of land would necessarily cause one who should cultivate a field to be absent from the field, except when engaged in its cultivation.

The most that can be claimed in this case is that the intestate cultivated a field on the land sued for during eight years. And as the suit was instituted by an administrator of the deceased, no other right than the intestate had can be set up.

The judgment is reversed and a new trial awarded.

Reversed and remanded.